IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYRONE WELCH                                                                                            PLAINTIFF

v.                          Civil No. 12-5135

DETECTIVE WILLIAMS                                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tyrone Welch, an inmate at the Benton County Detention Center, Bentonville, Arkansas, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was provisionally filed subject to a later determination of whether service of process should issue.

### I. Background

According to the allegations of the complaint, Welch maintains he was unlawfully arrested by Detective Williams of the Springdale Police Department. Welch maintains he was falsely accused of intimidating a witness, aggravated assault, discharging a firearm from a vehicle, and conspiracy. He maintains he has been falsely imprisoned, unlawfully charged with violations of various state criminal statutes, maliciously prosecuted and slandered.

He alleges that the video camera would show no type of physical force was used. Also he states the audio tape will show that they were talking about keeping the peace. In fact, he maintains that the evidence will show he is the victim.

He alleges he was not shooting but was instead shot at. He asked for a gun residue test to be performed but his request was denied.

Finally, he asserts Detective Williams told Welch's girlfriend not to come and visit him until June 14th. Welch maintains Detective Williams is biased against him.

## II. Discussion

Welch's claims are subject to dismissal. First, in Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

Baker, 443 U.S. at 145-46.

Here, Welch maintains he has been falsely accused of various crimes and falsely imprisoned. These are issues that may be addressed at the state criminal trial.

Second, the "Constitution does not mention malicious prosecution nor do[es Welch] cite a basis for a federal action for malicious prosecution." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by

itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.* Moreover, such a claim is not ready for decision as Welch is currently facing the criminal charges.

Third, "[D]efamation, per se, [whether libel or slander] is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983).  The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. Paul v. Davis, 424 U.S. 693 (1976).  Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).

Finally, Welch's claim of innocence must be addressed first by the state court. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113.

To the extent Welch's claims are not barred by Heck, abstention is appropriate. "In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). Abstention under Younger "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Id. (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Welch's claims stem from the fact that he was arrested and charged with various offenses. These charges are currently pending. The issue of whether probable cause existed for his arrest can be litigated in the state court criminal case. To allow Welch's action to proceed

at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

### III. Conclusion

Accordingly, I recommend that this case be dismissed without prejudice on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, or asserts claims not ready for adjudication in the Federal Court. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Welch has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Welch is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)